Date Signed:
May 22, 2019



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>ALAN HOI JUNG YUEN,<br><br>       Alleged Debtor. | Case No. 19-00207<br>Chapter 7<br><br>Re: Docket No. 8 |

## ORDER DENYING MOTION TO AVOID LIEN

Debtor Alan Hoi Yung Yuen ("Mr. Yuen") has filed a motion to avoid Susan T.A Yuen's ("Ms. Yuen") Family Court judicial lien on Mr. Yuen's Individual Retirement Account ("IRA"), pursuant to section 522(f)(1) of the Bankruptcy Code. I will deny the motion.

## Background

Mr. Yuen filed a divorce action against Ms. Yuen. Ms. Yuen made a Hawaii Family Court Rule 68 offer of settlement to Mr. Yuen on July 31, 2006.[1] Ms. Yuen offered to pay a sum of cash to Mr. Yuen as a compromise resolving all issues,

---

[1] Dkt. 37 at 10-12.

including the division of assets and liabilities, equalization payment, and claims for alimony and child support.[2]

Mr. Yuen did not accept Ms. Yuen's Rule 68 offer of settlement, so a trial in the divorce matter was held on March 12, 2007. No transcript of the trial is available but it appears that the parties litigated all of the disputed issues, including the equalization payment and child support.

The Family Court entered the Decree Granting Absolute Divorce and Awarding Child Custody on August 23, 2007 (the "Decree").[3] The Decree provides that Mr. Yuen "shall pay to [Ms. Yuen] the sum of $1,910 per month for the support, maintenance and education of the parties' children"[4] and the parties would equally share the children's educational and medical expenses.[5]

Ms. Yuen was awarded the marital residence.[6] Mr. Yuen was awarded his IRA

---

[2] Hawaii Family Court Rule 68 provides that "[A]t any time more than 20 days before any contested hearing held . . . is scheduled to begin, any party may serve upon the adverse party an offer to allow a judgment to be entered to the effect specified in the offer." Rule 68 mandates the award of reasonable attorney's fees incurred after making the offer to a party who tenders a settlement offer that the other party refuses to accept "[i]f the judgment in its entirety finally obtained by the offeree is patently not more favorable than the offer . . . unless the court shall specifically determine that such would be inequitable."

[3] Dkt. 31 at 3-21.

[4] Dkt. 31 at 5-6.

[5] Dkt. 31 at 7.

[6] Dkt. 31 at 7-8.

U.S. Bankruptcy Court - Hawaii   #19-00207   Dkt # 40   Filed  05/22/19   Page 2 of 12

with an estimated value of $69,295.94.[7]

The Decree ordered Ms. Yuen to pay Mr. Yuen an equalization payment of $148,109.94, but that amount was sequestered. The Family Court found that Ms. Yuen had established reasonable and sufficient grounds in the record to allow the Court "to sequester the equalization payment of $148,109.94 for the benefit of the parties' children."[8] In other words, Ms. Yuen was not required to pay the equalization payment to Mr. Yuen immediately; instead, she was allowed to offset her right to recover child support from Mr. Yuen against her obligation to make the equalization payment.

Ms. Yuen filed a Motion for an Award of Attorney's Fees and Costs Pursuant to Hawaii Family Court Rule 68 on September 4, 2007.[9] Ms. Yuen requested the amount of $23,076.79 for fees and costs for the period of August 1, 2006 to August 15, 2007.

The Family Court ordered that Mr. Yuen's IRA should not drop below $35,000 pending a decision on Ms. Yuen's motion.[10] The court apparently intended to protect the IRA as a possible source of payment of the attorneys' fees.

---

[7] Dkt. 31 at 8.

[8] Dkt. 31 at 12.

[9] Dkt. 37 at 7-33.

[10] Dkt. 32 at 8.

3

Ms. Yuen filed an Ex Parte Motion to Sequester Assets on October 26, 2007. By order entered November 14, 2007, the court ordered that the funds in Mr. Yuen's IRA "are frozen and shall not be removed, transferred, or withdrawn, pending further order of the court."[11]

On December 3, 2007 the court granted Ms. Yuen's Motion for an Award of Attorney's Fees and Costs Pursuant to Hawaii Family Court Rule 68. The Family Court held that Ms. Yuen was entitled to recover fees in an amount to be determined after Ms. Yuen submitted detailed billing statements. Ms. Yuen's counsel filed an Affidavit of John W. Schmidtke, Jr. with a detailed billing statement and requesting the amount of $23,076.79 for fees and costs.

By order dated January 3, 2008, the court found Ms. Yuen's "attorney's fees and cost to be appropriate and reasonable in light of the totality of the circumstances," and determined that Mr. Yuen "owes attorney's fees and costs to [Ms. Yuen] in the amount of $23,076.79."[12]

In its Findings of Fact and Conclusions of Law Regarding Attorney's Fees and Costs, the court concluded that Ms. Yuen's Rule 68 offer was patently more favorable as a whole than the result achieved by Mr. Yuen in the trial on March 12, 2007 and

---

[11] Dkt. 32 at 10.

[12] Dkt. 32 at 51- 52.

the resulting Decree.[13]

On April 1, 2008 (the "April 1, 2008 Judgment"), the Family Court entered judgment in favor of Ms. Yuen and against Mr. Yuen in the principal sum of $23,076.79 plus judgment interest accruing at the rate of 10% beginning March 1, 2008.[14] The Judgment provides that Mr. Yuen "shall pay to [Ms. Yuen] $23,076.79 plus interest applicable, in attorney's fees and costs from [Mr. Yuen's IRA] . . . " and the balance of the funds remaining in the [IRA] . . . after the payments described above are awarded to [Mr. Yuen] and the freeze placed on the account . . . is set aside once the payment to [Ms. Yuen] has been made." Although the record is unclear, it appears that the fees were never paid.

For the next eight years, nothing happened in the Family Court. Presumably, Ms. Yuen was offsetting child support obligations against the equalization payment during this period of time. Apparently, around 2015 or 2016, the equalization payment was exhausted. At that time, Ms. Yuen started demanding child support payments directly from Mr. Yuen. It appears that Mr. Yuen did not make any payments.

On September 8, 2016, Mr. Yuen filed a motion for post-decree relief, seeking

---

[13] Dkt. 32 at 57. Finding of Fact # 12 states as follows: "After reviewing [Ms. Yuen's] billing statements from July 31, 2006 when her offer was submitted to Alan to the March 12, 2007 trial, the court finds that [Ms. Yuen] should be awarded attorney's fees and costs. The amount of $23,076.79 is just equitable under all of the circumstances of the case."

[14] Dkt. 32 at 59-60.

5

to have the sequestration order lifted. On October 24, 2016, Ms. Yuen also filed a motion for post-decree relief, requesting a determination of child support arrears and to affirm the prior judgment for attorneys's fees.

The Family Court denied Mr. Yuen's motion and granted Ms. Yuen's motion.[15] By order entered January 20, 2017, the court found that Mr. Yuen owes Ms. Yuen:

    a. $56,510 in child support due through April 2017; and

    b. $41,538.15 in principal and judgment interest in satisfaction of the January 3, 2008 order.

    c. The total owed is $98,049.04.[16]

The Family Court entered judgment in favor of Ms. Yuen and against Mr. Yuen in the amount of $98,049.04.[17]

On February 20, 2019, Mr. Yuen filed a chapter 7 bankruptcy petition commencing this case. In his schedules, Mr. Yuen listed Ms. Yuen as a secured creditor in the amount of $53,720 pursuant to the April 1, 2008 Judgment regarding Attorney's Fees and Costs.

On February 26, 2019, Mr. Yuen filed a motion to avoid Ms. Yuen's Family

---

[15] Dkt. 32 at 62; 69-70.

[16] Dkt. 11 at 17- 18.

[17] Dkt. 11 at 20.

6

Court judicial lien on Mr. Yuen's IRA.[18]

*Applicable Sections of the Bankruptcy Code*

Section 522(f)(1) permits a debtor to avoid the lien of a judgment creditor on exempted property. It states in relevant part that "the debtor may avoid the fixing of a [judicial] lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under [§522(b)] . . . ."

To avoid the lien, the debtor must satisfy three conditions: (1) that there was a fixing of a lien on an interest of the debtor in property; (2) that the lien impairs an exemption to which the debtor would have been entitled; and (3) that the lien is a judicial lien.[19] But §522(f)(1) specifically excludes "a judicial lien that secures a debt of a kind that is specified in section 523(a)(5)."[20]

Section 523(a)(5) excepts from discharge a debt for a "domestic support obligation." The Bankruptcy Code defines that term as a debt "owed to or recoverable by . . . [a] former spouse . . . in the nature of alimony, maintenance, or support . . ." of the former spouse, by "reason of . . . a separation agreement, divorce decree, or property settlement agreement," and "without regard to whether such debt is expressly

---

[18] Dkt. 8.

[19] *Culver, LLC v. Chiu (In re Chiu)*, 304 F.3d 905, 908 (9th Cir. 2002).

[20] 11 U.S.C. §522(f)(1)(A).

so designated . . . ."[21] The debt cannot be "assigned to a nongovernmental entity," unless voluntarily assigned by a statutorily designated person.

An award of attorney's fees in a marital dissolution proceeding may be a domestic support obligation for the purposes of §§523(a)(5) and (101)(14A).[22] The Bankruptcy Appellate Panel for the Ninth Circuit has held that a claim for attorney's fees awarded in a dispute over issues of child custody and child support is a domestic support obligation.[23]

Labels in a divorce decree do not control the question of whether a fee award constitutes a domestic support obligation.[24] Instead, the bankruptcy court "must look behind the estate's court's award and make a factual inquiry to determine whether the award is actually in the nature of support."[25] "What constitutes support within the

---

[21] 11 U.S.C. §101(14A).

[22] *Gionis v. Wayne* (*In re Gionis*), 170 B.R. 675 (B.A.P. 9th Cir. 1994), aff'd, 92 F.3d 1192 (9th Cir. 1996); *Rehkow v. Lewis* (*In re Rehkow*), 239 F. App'x 341, 342 (9th Cir. 2007).

[23] *In re Gwinn*, 20 B.R. 233, 324 (B.A.P. 9th Cir. 1982) (a claim for attorney's fees awarded to the debtor's wife's attorney in a domestic relations litigation involving issues of child support, spousal support and child custody, is nondischargeable pursuant to 11 U.S.C. §523(a)(5)"). *See also In re Kennedy*, 2011 WL 1098463 * 6 (B.A.P. 9th Cir. Mar. 9, 2010) (a state court judgment for attorney's fees and costs that were incurred in pursuing child support were nondischargeable under section 523(a)(5)); *In re Hamilton*, 2013 WL 646387 *4 (B.A.P. 9th Cir. Feb. 21, 2013) ("[t]he fees awards were all entered by a family court in connection with a divorce and related proceedings including alimony and support obligations.").

[24] *In re Gionis*, 170 B.R. at 682.

[25] *Id.* at 681.

U.S. Bankruptcy Court - Hawaii   #19-00207   Dkt # 40   Filed  05/22/19   Page 8 of 12

meaning of section 523(a)(5) implicates a number of factors that are potentially relevant on a case-by-case basis . . . ."[26] To determine whether an obligation constitutes <u>spousal</u> support, courts consider (among other factors) the recipient's need for support, the presence of minor children in the marriage, a disparity of income between the parties, an imbalance in the relative income of the parties, and the nature and duration of the obligation.[27] To determine whether an obligation is <u>child</u> support, courts "look at the surrounding circumstances and all other relevant incidents bearing on the [court's] intent . . . ."[28]

The critical inquiry is the substance of the obligation and the intent of the state court that made the award.[29]

*Applying the Law to the Facts*

The question presented is whether the debt to Ms. Yuen for attorney's fees and costs is a "domestic support obligation" within the meaning of the Bankruptcy Code.[30] (Mr. Yuen does not seek avoidance of the lien to the extent it secures unpaid

---

[26] *Id.* at 682.

[27] *Id.*

[28] *In re Seixas*, 239 B.R. 398, 404 (B.A.P. 9th Cir. 1999) (internal quotation marks omitted).

[29] *Id.*

[30] Mr. Yuen concedes that the amount of $56,510.89 in child support awarded in the January 20, 2017 order is a "domestic support obligation."

9

child support.) If the debt is a domestic support obligation, the lien is not subject to avoidance.

I conclude that the amount of $41,538.15 in principal and judgment interest in satisfaction of the January 3, 2008 order[31] regarding attorney's fees and costs is a "domestic support obligation" and is not subject to avoidance under section 522(f)(1).

The attorney's fees and costs awarded by the Family Court, reflected in the April 1, 2008 Judgment, were incurred in the litigation, not only of Mr. Yuen's child support obligations, but also Mr. Yuen's equalization payment.

It is clear that attorneys' fees incurred in establishing or collecting a domestic support obligation, such as child support, are part of the domestic support obligation. Conversely, an equalization payment, standing alone, is not a "domestic support obligation," and therefore attorneys' fees incurred in litigating the entitlement to and amount of an equalization payment would also not ordinarily be a "domestic support obligation." I have found no decisions addressing the treatment of attorneys' fees incurred in a divorce proceeding involving both support and equalization payments.

But in this case, the Family Court linked the equalization payment and the child support award. It expressly "sequestered" the equalization payment in favor of Mr. Yuen so that Ms. Yuen could offset her right to child support against it. Later, it

---

[31] Dkt. 22 at 52.

sequestered Mr. Yuen's IRA to secure payment of Ms. Yuen's attorneys' fees. This connection tells me that the Family Court was primarily concerned about payment of Mr. Yuen's child support.

The attorneys' fees should be treated as a domestic support obligation. The Family Court took pains to ensure that Mr. Yuen would pay child support. The court must have known that, for every dollar Ms. Yuen spent on attorney's fees, she had one dollar less to support her children. "The legal question is not whether repayment of the debt will benefit the children, but whether the basis of the debt benefitted the children."[32] Here, the basis of the attorney's fees was the litigation over child support obligations and sequestration of the equalization payment and IRA, which benefitted the children. Therefore, the substance of the fee award is in the nature of child support.[33]

Looking "at the surrounding circumstances and all other relevant incidents bearing on the court's intent,"[34] I conclude all the attorney fees and costs that the Family Court awarded are a "domestic support obligation" within the meaning of the Bankruptcy Code and are not subject to avoidance.

Therefore, the motion to avoid lien is DENIED.

---

[32] *In re Leibowitz*, 217 F.3d 799, 803 (9th Cir. 2000).

[33] *In re Seixas*, 239 B.R. at 404.

[34] *Id.*

END OF ORDER