

Date Signed:
May 24, 2019

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No. 19-00207 |
|---|---|
| ALAN HOI JUNG YUEN, | Chapter 7 |
| Alleged Debtor. | Re: Docket No. 15 |

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CONFIRM ABSENCE OF AUTOMATIC STAY

Susan T.A. Yuen has filed a motion to confirm absence of automatic stay under Section 362(b)(2)(A)(ii).[1] She seeks a determination that the automatic stay is inapplicable such that she may seek in Family Court "(1) modifications to [Mr. Yuen's] outstanding domestic support obligations, (2) the valid and subsisting sequestration Orders that remain in effect, and (3) the issue of whether the attorney's fees orders and judgments are in the nature of alimony, maintenance, and support."[2]

---

[1] Dkt. 15.

[2] Dkt. 15 at 9.

*Modifications to Mr. Yuen's outstanding domestic support obligations*. Section 362(b)(2)(A)(ii) exempts from the automatic stay's reach "the commencement or continuation of a civil action or proceeding . . . for the establishment or modification of an order for domestic support obligations[.]" Thus, Ms. Yuen may proceed to have the Family Court modify Mr. Yuen's outstanding domestic support obligations.

*The valid and subsisting sequestration Orders that remain in effect.* Ms. Yuen's second request is unclear, but Ms. Yuen presumably wants a determination that she can collect Mr. Yuen's debt out of Mr. Yuen's Individual Retirement Account ("IRA"). Under section 362(b)(2)(B), the automatic stay does not apply to the "collection of a domestic support obligation from property that is not property of the estate[.]" At this point, Mr. Yuen's IRA remains as property of the bankruptcy estate. (Mr. Yuen has listed his IRA as exempt property,[3] but the deadline to object to his claim of exemptions has not expired yet,[4] so the IRA remains property of the estate.)

Importantly, Ms. Yuen only seeks a determination that the stay does not apply; she does not seek relief from the automatic stay. Because the IRA is still property of the estate, Ms. Yuen is not entitled to the determination that she has requested.

---

[3] Dkt. 1 at 17.

[4] Fed. R. Bankr. P. Rule 4003(b) provides that the deadline to object to a claim of exemptions is thirty days after the conclusion of the meeting of creditors.

U.S. Bankruptcy Court - Hawaii   #19-00207   Dkt # 41   Filed 05/24/19   Page 2 of 3

*The issue of whether the attorney's fees and costs orders and judgments are in the nature of alimony, maintenance, and support*. I have already decided Ms. Yuen's third request in my order denying Debtor's motion to avoid Ms. Yuen's Family Court lien on Mr. Yuen's IRA.[5] I concluded that the entire unpaid amount that Mr. Yuen owes to Ms. Yuen is a domestic support obligation within the meaning of the Bankruptcy Code. Therefore, the Family Court need not to address this issue.

Therefore, the motion is GRANTED in part and DENIED in part. The motion is granted as to Ms. Yuen's first request. The motion is denied as to Ms. Yuen's second and third requests.

END OF ORDER

---

[5] Dkt. 40.

U.S. Bankruptcy Court - Hawaii   #19-00207   Dkt # 41   Filed  05/24/19   Page 3 of 3